UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAYMOND A. COLLINS,

                              **Petitioner,**

      v.                                                          04-CV-1472
                                                                            (95-CR-232)

UNITED STATES OF AMERICA,

                              **Respondent.**
_____

**THOMAS J. McAVOY**
**Senior United States District Judge**

## DECISION & ORDER

**I. INTRODUCTION**

On July 20, 2005, the Court issued a Decision and Order that denied and dismissed Petitioner Raymond Collins' motion for relief brought pursuant to 28 U.S.C. §2255. See July 20, 2005 Decision & Order [dkt.#17]. In his §2255 petition, Petitioner sought relief based on claims: (1) that had been rejected on their merits by the United States Court of Appeals for the Second Circuit and therefore were procedurally barred in this Court; (2) that were procedurally barred because they were not raised on direct appeal; (3) that failed to establish constitutionally ineffective assistance of counsel; and (4) that were based on a cases that could not be raised for the first time on collateral review. Id. In dismissing the Petition, the also Court determined, *sua sponte,* that Petitioner was not eligible for a Certificate of Appealability (COA) pursuant to 28 U.S.C. § 2253. Id.

Petitioner now moves this Court to reconsider the following issues addressed in the July 20, 2005 Decision and Order: 1) the *sua sponte* denial of a COA; 2) the determination that certain claims brought under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny were procedurally barred; 3) that the building Petitioner burned was not within interstate commerce under Jones v. United States, 529 U.S. 838 (2000); 4) whether he was denied a fair trial because of the Court's *ex parte* communication with a juror and/or whether his counsel was constitutionally ineffective for failing to pursue the issue further; and 5) whether he suffered manifest injustice based on the Court's decision on the merits of the Section 2255 motion notwithstanding Petitioner's motion to strike the Government's answer.

## II. THE STANDARD FOR RECONSIDERATION

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-- matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Schrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Eisemann v. Greene, 204 F.3d 393, 395 n. 2 (2d. Cir 2000)(To sustain a motion for reconsideration, Petitioner "'must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion.'" )(quoting Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999)); Polanco v. United States, 2000 WL 1346726, at *1 (S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and

then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted). Petitioner "may neither repeat 'arguments already briefed, considered and decided,' nor 'advance new facts, issues or arguments not previously presented.'" In re Application of the United States, 396 F. Supp. 2d 294, 301 (E.D.N.Y. 2005) (quoting Schonberger v. Serchuk, 742 F. Supp.108, 119 (S.D.N.Y. 1990)); see also Shamis, 187 F.R.D. at 151 ("[T]he court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment. Therefore, a party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court.")(citations and internal quotation marks omitted).

**III. ANALYSIS**

    **a.  Denying a COA *sua sponte***

Collins first argues that the Court improperly denied him a COA *sua sponte*. He relies on Miller-El v. Cockrell, 537 U.S. 322, 343 (2003), but misunderstands its holding. Miller-El holds that a COA may issue where the petitioner shows that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Miller-El, 537 U.S. at 338 (citing Slack v. McDaniel, 529 U.S. 473, 484 (2000)). As the Court held in Miller-El, the COA determination is a separate determination from the merits, and requires only that Petitioner make a substantial showing of the denial of a constitutional right, not that he necessarily would prevail on appeal. Miller-El, 537 U.S. at 337, 342.

However, while the COA determination presents a separate threshold question to consider (i.e. whether reasonable jurists could differ as to the merits of the petition), district courts can, and often do, decided the issue *sua sponte* based upon the arguments presented in the Petition and in the papers in support and in opposition to a motion to dismiss. See United States v. Cole, 2005 WL

3454322, *4-*5 (E.D.N.Y. Dec. 7, 2005)(citing cases for the proposition that a district court may *sua sponte* decide whether a COA should issue in a habeas petition.).

The July 20, 2005 Decision and Order analyzed Petitioner's claims according to the settled procedures of §2255. The Court did not then, and does not now, find that Petitioner's claims establish a substantial showing of the denial of a right. On the contrary, under Federal law, Petitioner was not denied any rights. Given that Petitioner's claims failed in the face of well-established Second Circuit and Supreme Court decisions, the result was not debatable or wrong. The Court's *sua sponte* denial of a COA is consistent with the decisions of other District Courts in the Second Circuit and is not manifest error of law. Petitioner's first argument for reconsideration fails and, accordingly, the motion for reconsideration on this ground is denied.

### b. Renewal of Apprendi Argument

Petitioner's second argument for reconsideration, based on Apprendi and its progeny,[1] fails because it merely reargues that which was considered and rejected previously. Petitioner's argument for relief under Apprendi was considered and rejected by the Second Circuit. See United States v. Joyner, 313 F.3d 40, 45-46 (2d Cir. 2002)("Joyner II"). As stated in the July 20 Decision and Order, this Court cannot review or correct a decision by the United States Court of Appeals, and a Section 2255 petitioner is procedurally barred from re-raising such an issue on collateral review. See July 20, 2005 Dec. & Ord., pp. 3-4.[2] Inasmuch as the procedural rules governing §2255

---

[1] Petitioner makes his argument under Apprendi and Ring v. Arizona, 122 S.Ct. 2428 (2002). Ring v. Arizona did not, as Petitioner seems to argue, announce a new rule of substantive criminal law. Cannon v. Mullin, 297 F.3d 989, 994 (10th Cir. 2002). Rather, "[i]t is clear ... that Ring is simply an extension of Apprendi to the death penalty context." Id. (citing Ring, 122 S.Ct. at 2432). Petitioner's case did not involve the death penalty statute and, therefore, any development to the Apprendi rule by Ring would be academic for Petitioner.

[2] In the July 20, 2005 Decision and Order, the Court held:

Petitioner raises several grounds for relief under the rule enunciated in Apprendi, or that directly

(continued...)

motions have not changed, the claim is still procedurally barred. See United States v. Sanin, 252 F.3d 79, 83 (2d Cir. 2001).

Moreover, Petitioner has not put forward new law or evidence to prove his actual innocence as he now asserts. Indeed, as the Court previously held on Petitioner's claims that were not raised on direct review:

> "Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom; or (2) actual innocence." Rosario v. United States, 164 F.3d 729, 732 (2d Cir. 1998)(citing Douglas v. United States, 13 F.3d 43, 46 (2d Cir. 1993)); see Arroyo v. United States, 2002 WL 662892, at * 2 (S.D.N.Y. April 22, 2002)(same)(citing Amiel v. United States, 209 F.3d 195, 198 (2d Cir. 2000)).
>
> * * *
>
> In order to establish "actual innocence," a movant must "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623 (1998). Actual innocence means "factual innocence, not mere legal insufficiency." Id. "The Supreme Court in Bousley also made clear that when a habeas petitioner is required to meet the 'actual innocence' standard, he must satisfy a higher hurdle than the 'prejudice' prong of the cause and prejudice standard." De Jesus v. United States, 161 F.3d 99, 103 (2d Cir. 1998).
>
> * * *
>
> Petitioner . . . fails to establish his actual innocence of the crimes he was convicted of committing.

July 20, 2005 Dec. & Ord., pp. 6-8.

---

²(...continued)
challenge the Second Circuit's application of the Apprendi rule to this case. See Pet. Ground One; Ground Two; Ground Three; Ground Four; Ground Five; and Ground Ten. Inasmuch as: (1) the Second Circuit has addressed, and rejected, Petitioner's challenge to his sentence under Apprendi, see Joyner II, 313 F.3d at 45-46; (2) the rule enunciated in Apprendi has not been changed or overruled since the Second Circuit ruled in this case; and, (3) this Court has no authority to review, let alone overturn, a decision by a United States Court of Appeals, Petitioner's claims set forth in Grounds One, Two, Three, Four, Five, and Ten are procedurally barred.

Id. pp.3-4 (footnotes omitted).

Petitioner's argument asserting "actual innocence" under the Apprendi rule misconstrues the "actual innocence" standard, was not raised on the original motion, and, even if it was raised, is wholly without merit. Petitioner has failed to demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion on the issue of actual innocence. See e.g. House v. Bell, — S. Ct. —, —, 2006 WL 1584475, at * 5 (June 12, 2006)(Stating that to demonstrate "actual innocence" on a Section 2254 petition, the Petitioner has the burden "to demonstrate that more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt-or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt."). Therefore, the motion for reconsideration on this ground is denied.

### c.  Lack of Interstate Commerce Connection

Petitioner's third argument for reconsideration, relating to the Interstate Commerce Clause, also fails. In this regard, Petitioner argues again that the Government failed to prove that the building he burned affected interstate commerce, and that the jury instruction related to this charge was defective. Despite the Second Circuit's rejection of this argument, United States v. Joyner, 201 F.3d 61, 78-79 (2d Cir. 2000)(Joyner I), Petitioner argues that Jones v. United States, 529 U.S. 848 (2000), supports his position. Jones addressed whether 18 U.S.C. §844(i) covered "property occupied and used by its owner not for any commercial venture, but as a private residence." Jones, 529 U.S. at 854 (emphasis added). Unlike Jones where the building burned was a home, Petitioner burned a nightclub that had sufficient connection to interstate commerce. Joyner I, 201 F.3d at 78-79. Thus, Jones is inapposite to this case, and, accordingly, his third argument for reconsideration fails.

### d. Court's Communication with a Juror

Petitioner's fourth argument for reconsideration, relating to the Court's *ex parte* communication with a juror, fails because he has not shown new controlling law or facts to alter the Court's decision. Petitioner's argument for reconsideration is merely a new twist in support of the same claim. The cases he relies on were all decided well before this Court considered his §2255 motion. Those cases are in no way intervening changes in controlling law. Thus, his second bite at the proverbial apple will not be permitted. The motion for reconsideration on this ground is denied.

### e. Failure to Grant Petitioner a Default Judgment

Fifth, Petitioner argues that the Court erred by deciding the petition on the merits despite his outstanding motion to strike the Government's answer. Petitioner argues that the Government's response violated Rule 5(b) of the Rules Governing §2255 Proceedings for the U.S. District Courts. However, Rule 12 of the Rules Governing §2255 Proceedings for the U.S. District Courts states that the Federal Rules of Civil Procedure may apply to §2255 proceedings. The Federal Rules of Civil Procedure are construed to obtain "the just, speedy, and inexpensive determination of every action." Fed . R. Civ. P. 1. Moreover, Courts within the Second Circuit have repeatedly stated the judicial preference to resolve matters on the merits and not on procedural default. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 95 (2d Cir. 1993); Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 507 (2d Cir. 1991); Nationwide Fire Insurance Company v. Rankin, 199 F.R.D. 498 (W.D.N.Y. 2001). The Court's decision on the merits of Collins' §2255 motion, notwithstanding his motion to strike the Government's Answer, was consistent with the law of this Circuit and of the proper construction of the applicable Rules. For this reason, the motion for reconsideration on this ground is denied.

**IV. CONCLUSION**

For the reasons stated herein, Petitioner's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**


Dated:  June 27, 2006

_Thomas J. McAvoy_
Thomas J. McAvoy
Senior, U.S. District Judge

- 8